not having been authorized to bring it, he was entitled to no compensation.

The order appealed from is reversed, with $10 costs and disbursements, and the motion to vacate the order of discontinuance denied, with $10 costs, to be paid by the respondent's attorney personally. All concur, except LAUGHLIN, J., who dissents.

---

(67 App. Div. 535.)

### SIMONOWITZ v. SCHWARTZ.

(Supreme Court, Appellate Division, First Department. January 10, 1902.)

1. CHECKS—INDORSEMENT BY MAKER—LOSS—NEGLIGENCE.

Defendant gave plaintiff a check, and, the same being lost or stolen, plaintiff informed defendant thereof, as he testified, the evening he received the check, when defendant gave him a letter to the bank, stopping payment, which was presented next morning. The letter was dated June 7th, and a check purporting to have been indorsed by plaintiff and defendant, dated June 4th, was produced by defendant, who testified that he was not informed of the loss until the evening of the 6th. Plaintiff denied ever having indorsed the check or having requested defendant to do so. *Held*, that if plaintiff requested defendant to indorse the check, and defendant did so, and gave it to plaintiff, the check was payable to the one presenting it, and plaintiff would not be entitled to recover if it had been paid before defendant was notified of the loss; but plaintiff having denied indorsing the check, or that defendant did so at his request, the question as to such indorsement was for the jury, and defendant was not entitled to the direction of a verdict.

2. SAME.

If defendant did not indorse the check at plaintiff's request, and then deliver it to plaintiff, its payment by the bank was unauthorized by plaintiff, and, as that payment was procured by defendant's indorsement, defendant would be liable.

3. SAME.

If defendant indorsed the check at plaintiff's request, and plaintiff then took it away, and it was paid by the bank before notice that it was lost, defendant would not be liable.

Appeal from trial term, New York county.

Action by Nathan Simonowitz against Max Schwartz. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Leopold Moschcowitz, for appellant.
A. B. Schleimer, for respondent.

INGRAHAM, J. The plaintiff testified that, having received a check for $400 from a society of which the defendant was the treasurer, he requested the defendant to cash the check, who thereupon gave to the plaintiff $100 in cash, and his (defendant's) check drawn to the order of the plaintiff upon his individual account in the State Bank of New York for $300. This transaction took place at the saloon of the defendant. The plaintiff put this check in his pocket, and stayed some time in the saloon, but shortly after leaving discovered that the check for $300 had been lost or stolen. He at once

returned to the defendant's saloon, and informed him of the loss, when the defendant told the plaintiff to return in the morning, and he would stop payment of the check. In the morning the plaintiff returned to the defendant's saloon, when the defendant gave to the plaintiff a letter on the bank stopping the payment of the check. This letter was dated June 7th, and seems to have been delivered to the bank on that morning. A check to the order of the plaintiff, purporting to be indorsed by the plaintiff and defendant, dated June 4, 1900, and which had been paid by the bank on June 6th, was produced by the defendant. The plaintiff denies having indorsed this check, or having at any time requested the defendant to indorse it, so that it would be paid without the identification of the payee. On behalf of the defendant, it was proved that the check was paid by the bank on the 6th of June, over the counter, purporting to be indorsed by the plaintiff and defendant. There was no attempt to prove that the plaintiff ever indorsed the check, or that he had received the money for it. The defendant's testimony is that he gave this check to the plaintiff on the night of the 4th of June; that on the following day the plaintiff came to him, and asked him to indorse the check so that he could get the money without identification, which the defendant did, and on the afternoon of the 6th the plaintiff told him he had lost the check, and the defendant then telephoned to the bank to stop its payment, to which the bank replied that as it was after business hours no checks would be paid on that day, and requested a written notice to be sent on the following day; and that on the following morning, before banking hours, the defendant gave to the plaintiff a written order to the bank to stop the payment of the check, which the plaintiff himself delivered to the bank at about 10 o'clock on the morning of the 7th. The court left the case to the jury, with a charge to which no objection was made by either party, and there was no request to further charge submitted, and the only question is whether this verdict is against the weight of evidence.

On his cross-examination the plaintiff apparently contradicted himself, and was evidently much confused as to the dates, but when recalled in rebuttal he reiterated the testimony given upon his direct examination. The plaintiff seems to admit that the check was given on the evening of the 4th of June, and testified that he returned on the same night, and told the defendant that he had lost the check, and that on the following morning, which would be the 5th of June, he received a letter from the defendant requesting the bank to stop payment of the check, which he himself delivered to the bank on that day. Yet the letter of the defendant to the bank was dated June 7th, and the testimony of the teller of the bank is that it was delivered to him on that day. It appeared, however, that the plaintiff was an ignorant German, unacquainted with the English language, and he testified through an interpreter. The contradictions occurred by his answering in the affirmative to leading questions put to him by counsel for the defendant. There was no attempt to prove that the plaintiff actually indorsed this check. He testified that he did not; that he could only write his name in Hebrew characters, while the check appears to have been indorsed in German letters.

Undoubtedly, if the plaintiff came to the defendant and requested him to sign his name upon the back of the check, so that the money could be obtained from the bank without identification of the payee, and if in compliance with that request the defendant did indorse the check and gave it back to the plaintiff, the check was legally payable to the person who presented it, and the plaintiff would not be entitled to recover if it had been paid by the bank prior to the time that the plaintiff notified the defendant that the check was lost. The plaintiff, however, denies that he indorsed the check, or that the defendant indorsed it at his request or while it was in his possession; and I am inclined to think that that question was one for the jury, and that the defendant was not entitled to a direction of a verdict. While it is difficult to reconcile the story of the plaintiff with the undisputed facts, the contradiction is mostly one of dates, and it might well be that the plaintiff was mistaken as to the date that he received the check from the defendant. The check produced by the defendant was dated June 4th, but it had a different number from the stub from which it purports to have been taken, and the explanation of this fact was for the jury.

It seems to me that the crucial question is whether or not the defendant, at plaintiff's request, indorsed the check, and then delivered it so indorsed to plaintiff. If he did not, and plaintiff never actually indorsed the check, its payment by the bank was unauthorized by plaintiff, and, as that payment was procured by the defendant indorsing the check, it would seem that the defendant was liable. Neither party requested that this specific question be submitted to the jury, and as no exception was taken to the charge, and no request to charge presented, the parties must be deemed to have acquiesced in the submission of the case to the jury; and as this question was one that was squarely presented by the testimony, and one that would justify a finding in favor of the plaintiff, I do not see that we would be justified in setting aside the verdict. If the defendant is compelled to pay this $300 twice, it will result from his carelessness in indorsing this check without requiring the plaintiff to first indorse it, as it was in consequence of the defendant's indorsement that the check was paid. If the defendant had indorsed the check at the plaintiff's request, and the plaintiff had then taken away the check, and it was paid by the bank before notice of the fact that it was lost was given either to the bank or to the defendant, the defendant would not be liable; but if the plaintiff had not requested such an indorsement by defendant, and never in fact had indorsed the check or had possession of it after it was indorsed by defendant, it would seem that the check was improperly paid, and that the plaintiff was entitled to recover from the defendant the amount of the check. A consideration of the testimony has satisfied me that that question was one for the jury, and a verdict in favor of the plaintiff would not be against the weight of evidence, so as to justify us in setting it aside.

It follows that the judgment and order should be affirmed, with costs. All concur; VAN BRUNT, P. J., in result.